2023 IL App (2d) 220257-U
No. 2-22-0257
Order filed May 31, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
|---|---|---|
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-CF-1024 |
| | ) | |
| BENIGNO M. CRUZ, | ) | Honorable |
| | ) | Alice C. Tracy, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The State proved beyond a reasonable doubt that defendant committed predatory criminal sexual assault of a child by touching his penis to the victim's mouth.  The victim testified that defendant blindfolded her and touched an object to her lips that he claimed was candy, but in fact was warm and did not taste like candy.  The victim also testified that she believed, but was not sure, that she saw defendant's penis as she removed the blindfold and left the room.

¶ 2    Defendant, Benigno M. Cruz, appeals from his conviction on one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)), contending that the State did not prove beyond a reasonable doubt that he committed the charged act.  Because the

evidence, when viewed in the light most favorable to the prosecution, proved beyond a reasonable doubt that defendant committed the charged offense, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The State indicted defendant on 16 counts of various sex offenses involving his daughter. Before defendant's jury trial, the State nol-prossed four counts. During the trial, the court directed a verdict on four other counts. The jury found defendant guilty of all remaining charges, including predatory criminal sexual assault of a child based on his touching the victim's mouth with his penis for the purpose of his sexual gratification (count III). See 720 ILCS 5/11-1.40(a)(1) (West 2016).

¶ 5     The following facts pertinent to this appeal were developed at trial. The victim testified that defendant began sexually abusing her when she was nine years old. The first time was after she had showered. After she exited the shower, defendant picked her up and sat her on the bathroom sink. He then touched the outside of her vagina with his hands. She was unclothed but could not recall if defendant had clothes on. Defendant then took the victim into his and her mother's bedroom, where he put her on the bed. After placing a towel over her head, he put his mouth on her vagina.

¶ 6     In another incident when she was still nine, the victim was in her parents' bedroom. Defendant tied a sock around her head to cover her eyes. The victim, sitting on the floor, could feel defendant putting something against her mouth. As he did so, he told the victim that he was touching her with candy. According to the victim, she felt something warm touch her lips and it "didn't taste like a candy." When asked if she knew what touched her mouth, the victim answered that, before she could remove the blindfold completely, defendant told her to leave the room immediately. She testified, "I cannot say that for sure I saw [defendant's] penis, but I believed to have seen it but I cannot say for sure."

¶ 7     The jury found defendant guilty of all counts. The trial court sentenced him, among other things, to 10 years' imprisonment on count III. Following the denial of his posttrial motions, defendant filed this timely appeal.

¶ 8                                    II. ANALYSIS

¶ 9     On appeal, defendant contends only that the State failed to prove him guilty of predatory criminal sexual assault of a child (count III), because there was insufficient evidence that he touched his penis to the victim's mouth. In so arguing, he states that "[u]ltimately, this [case] is not about credibility—this is a witness who did not know or remember what happened." According to defendant, "[e]ven if the jury found [the victim's] statements credible, those statements were not sufficient to prove the allegations in [count III]."

¶ 10    Due process requires the State to prove each element of a criminal offense beyond a reasonable doubt. *People v. Cunningham*, 212 Ill. 2d 274, 278 (2004). In addressing a challenge to the sufficiency of the evidence, the reviewing court does not retry the defendant. *People v. Milka*, 211 Ill. 2d 150, 178 (2004). Rather, the question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Cunningham*, 212 Ill. 2d at 278. This standard requires the reviewing court to draw all reasonable inferences in favor of the prosecution. *Cunningham*, 212 Ill. 2d at 280. Resolving discrepancies and inconsistencies in the evidence is the fact finder's province. *Cunningham*, 212 Ill. 2d at 283. A reviewing court will not overturn a guilty verdict unless the evidence is so improbable, unsatisfactory, or inconclusive that it creates a reasonable doubt of the defendant's guilt. *People v. Collins*, 214 Ill. 2d 206, 217 (2005).

¶ 11    A single witness's positive and credible testimony is sufficient to support a criminal conviction. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). The reviewing court must duly consider

that the fact finder saw and heard the witnesses. *People v. Ortiz*, 196 Ill. 2d 236, 267 (2001). Positive identification by a single witness who had ample opportunity to observe is sufficient to support a conviction. *People v. Chevalier*, 159 Ill. App. 3d 341, 346 (1987). Where a conviction depends on eyewitness testimony, the reviewing court may find such testimony insufficient only where the evidence compels the conclusion that no reasonable person could accept it beyond a reasonable doubt (*Cunningham*, 212 Ill. 2d at 279-80)—that is, where the testimony is improbable, unconvincing, or contrary to human experience (*Ortiz*, 196 Ill. 2d at 267).

¶ 12   The offense of predatory criminal sexual assault of a child requires proof that a person who is 17 years or older committed an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused and the victim is under 13 years old. 720 ILCS 5/11-1.40(a)(1) (West 2016).

¶ 13   Here, defendant contends that the State did not prove beyond a reasonable doubt that he touched his penis to the victim's mouth as alleged in count III. We disagree.

¶ 14   The victim, nine at the time of the offense, testified that defendant blindfolded her and told her that he was putting candy in her mouth. However, according to the victim, she felt something warm touch her lips and it did not taste like candy. Certainly, a nine-year-old would be very familiar with the taste of candy. At the very least, the victim's impression of the object showed that defendant lied to her about what he was putting in her mouth. Further, the fact that defendant blindfolded the victim implied that he was doing something he did not want her to see and to which she might object. The victim's account of the incident was also consistent with her description of a separate occasion where, after she had showered, defendant put her on the bed (in the same bedroom) and covered her head with a towel before he put his mouth on her vagina. Additionally,

the victim testified that she did not have a clear opportunity to see defendant's penis because she was blindfolded and ordered to leave the room immediately. However, the victim also testified that, after she removed the blindfold, she "believed" (but was not "sure") that she saw his penis before exiting the room.

¶ 15    Based on the foregoing evidence, a rational jury could have reasonably determined that defendant had in fact touched his penis to the victim's mouth. Thus, the State proved defendant guilty beyond a reasonable doubt of predatory criminal sexual assault of a child as charged in count III.

¶ 16    Finally, defendant's reliance on *People v. Maggette*, 195 Ill. 2d 336 (2001), is misplaced. In *Maggette*, the court held that the victim's "brief and vague" reference to the defendant touching her vaginal area was insufficient to prove that the defendant penetrated her vagina with his finger. *Maggette*, 195 Ill. 2d at 352. Here, in contrast, the victim's testimony, although brief, was not vague, and the jury could reasonably conclude that defendant touched his penis to her mouth.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 19    Affirmed.

¶ 20